UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SHANISE N. MORRIS, | ) |
| | ) Case No. 0:20-cv-00604-PJS-HB |
| Plaintiff, | ) |
| | ) |
| v. | ) STIPULATION FOR |
| | ) PROTECTIVE ORDER |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC; EXPERIAN | ) |
| INFORMATION SOLUTIONS, INC.; | ) |
| TRANS UNION LLC | |
| | |
| Defendant. | |

The parties stipulate that the court may enter the following protective order:

**1**   **Definitions.**  As used in this protective order:

(a)   "attorney" means an attorney who has appeared in this action;

(b)   "confidential document" means a document designated as confidential under this protective order;

(c)   to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d)   "document" means information disclosed or produced in discovery, including at a deposition;

(e)   "notice" or "notify" means written notice;

1

 (f) "party" means a party to this action; and

 (g) "protected document" means a document protected by a privilege or the work-product doctrine.

**2 Designating a Document or Deposition as Confidential.**

 (a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

 (b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

 (c) Deposition testimony may be designated as confidential:

  (1) on the record at the deposition; or

  (2) after the deposition, by promptly notifying the parties and those who were present at the deposition, , but no later than twenty-one (21) days from the date that the deposition transcript becomes available..

 (d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3 Who May Receive a Confidential Document.**

 (a) A confidential document may be used only in this action.

 (b) No person receiving a confidential document may reveal it, except to:

    (1)    the court and its staff;

    (2)    an attorney or an attorney's partner, associate, or staff;

    (3)    a person shown on the face of the confidential document to have authored or received it;

    (4)    a court reporter or videographer retained in connection with this action;

    (5)    a party (subject to paragraph 3(c)); and

    (6)    any person who:

        (A)    is retained to assist a party or attorney with this action; and

        (B)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned [case caption and number] in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
> I declare under penalty of perjury that the foregoing is true and correct.

(c)    A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party. The parties agree that the

parties' attorneys, experts, and staff may review documents designated as "attorney's eyes only."

(d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4** **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

**5** **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**6** **Use of a Confidential Document in Court.**

(a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with LR 5.6.

(b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**7** **Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8   Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this action (including any appeals), each party must:

    (1) return or destroy all confidential documents; and

    (2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

**9**  **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10**  **Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11**     **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

Respectfully submitted this 1st day of September 2020.

Stipulated to:

s/Doug Weimerskirch
Doug Weimerskirch
Bar Number: 0392003
Attorneys for Plaintiff Shanise N. Morris
**Hoglund, Chwialkowski & Mrozik, PLLC**
1781 Country Road B West
Roseville, Minnesota 55113
Telephone: (612) 655-1093
Email:doug.weimerskirch@hoglundlaw.com

s/Cory M. Carone
Cory M. Carone (admitted pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226
Telephone: (313) 733-3939
ccarone@jonesday.com

Christopher J. Haugen (#393138)
Lauren M. Hoglund (#399562)
Attorneys for Defendant Equifax Information Services, LLC
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402-1217
Tel: 612.672.3600
chaugen@messerlikramer.com
lhoglund@messerlikramer.com

s/Katherine C. Robinson
Katherine C. Robinson, Esq. (IN #31694-49)
(admitted Pro Hac Vice)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: (317) 363-2400
Fax: (317) 363-2257
E-Mail: krobinson@schuckitlaw.com
Lead Counsel for Defendant Trans Union, LLC

Bradley D. Fisher, Esq. (219356)
Amy M. Sieben, Esq. (326021)
Fisher Bren & Sheridan, LLP
920 Second Avenue South, Suite 975
Minneapolis, MN 55402-4011
Office: (612) 332-0100
Direct: (612) 902-2750
Fax: (612) 332-9951
E-Mail: bfisher@fisherbren.com
asieben@fisherbren.com
Local Counsel for Defendant Trans Union, LLC

Gregory J. Myers, MN #0287398
LOCKRIDGE GRINDAL NAUEN
P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
gjmyers@locklaw.com
Attorneys for Defendant
Experian Information Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/Jacey Gutierrez*